Nash, J.
 

 There can be no doubt, that the trust attempted to be created by the will of Dr. Umstead, was void. Such was the settled law of this State, at the time of the testator’s death. It was considered contrary, not only to the policy of the State, but to the statute law, to sustain such trusts. They have been uniformly held to be void, and the executors declared trustees, for the next of kin, or the residuary legatees. The leading case upon the subject, is
 
 Maywood
 
 v.
 
 Craven’s executors, %
 
 Car. Law Repository, 557. It has been followed, and the principle» upon which it was decided, been repeatedly recognised in .this Court,
 
 Wright & Scales
 
 v.
 
 Lowe’s Executors, 2
 
 Mur. 354.
 
 Turner
 
 v.
 
 Whithead, 2
 
 Hawks 621.
 
 Huckaby
 
 &
 
 Wife
 
 &
 
 others
 
 v.
 
 Jones & others, 2
 
 Hawks 120,
 
 White
 
 v.
 
 Green
 
 &
 
 others,
 
 1 Ired. Eq. 49. We do not therefore, consider
 
 *109
 
 it, at this clay, an open question. The trust, intended by the will, being void, the executors became trustees for those who are entitled. In this case, the next of kin cannot take the negroes, because there is a residuary clause, into which they fall, as not being disposed of by the will.
 
 Davie
 
 v.
 
 King,
 
 2 Ired Eq. 204.
 
 Jones
 
 v.
 
 Perry,
 
 3 Ired Eq. 200. The residuary legatees are the executors themselves ; they therefore, under the will, took the slaves Dicey and her children, absolutely and free from all trusts, and held them as tenants in common, each being entitled to an undivided moiety. The interest of Mr. Campbell was subject to his disposition, either by sale, or gift during his lifetime, or by his will, and by his will he does, in substance, give it to the plaintiff, for the purpose of effectuating the intention of his testator, Dr. Umstead. This bequest of Mr. Campbell, is a valid one, as made since the passage of the Act of 1831, and Mr. Bennehau held his own share, or moiety, discharged of the trust, and the moiety or share of Mr. Campbell, subject to the trust, as directed by
 
 his
 
 will, Mr. Campbell, however, could not so dispose of his interest in the slaves, as to freo them from the claims of his creditors. Upon his death, it became a part of the assets of his estate in the hands of his executors, and was liable to the execution of the other defendant, as well as to other creditors.
 

 The Act of 1830 can have no effect, upon the devise, contained in Dr. Umstead’s will. Before its passage the legacy had vested in the residuary legatees, and it could not, nor was it so intended by the legislature, divest the interest so acquired. The legatees held the property as it passed to them, at the death of the testator.
 

 The plaintiff is entitled to have partition of the slaves, according to the prayer of the bill, and he is entitled, under the will of Catlett Campbell, to have delivered to him, all of such slaves as may be set apart for, or allotted to his executor, as the share of Mr. Campbell, and which arc not needed to discharge the debts of his testator.
 
 *110
 
 There must be a reference to the master, to enquire the number, names, and value of all the slaves, and to make an equal division of them, as near as may be, in the first place, between the plaintiff, and the defendant Norwood, as executor of Campbell, and, from the importance of that division to the negroes, and their equal right to emancipation, as far as it can lawfully be effected, it is proper' the division should be made by lot. It must also be re* ferred to the master, to take an account of the estate of Catlett Campbell, that hath, or ought to have been, or may be received by the defendant, Mr. Norwood, as his executor, and of the administration thereof, and also of the debts of the said Campbell remaining unpaid, and of the charges of administration ; and the master will particularly report whether Mr. Norwood hath, or will have, assets of his testator, sufficient to discharge the judgment obtained by the other defendant, or any, or what part thereof, of to discharge the other debts of his testator, Campbell, if any, or some part thereof, and what part, exclusive of said Campbell’s share of the said
 
 slaves;
 
 and if he should find that any of the said debts, or charges will remain unpaid, after applying thereto all the assets of the testator, exclusive of his share of said negroes, the master must further enquire, what balance will remain due for the debts and charges aforesaid, whether it will require the whole of the said Campbell’s half of said slaves, or only a part thereof to be sold for the payment of such balance, and, if the latter, the master will designate, by lot, a sufficient number, to be sold for that purpose.
 

 Per Curiam.
 

 Decree accordingly.